| | |
|---|---|
| Shenzhen Liqiu Sanhou Technology Co., Ltd., *Plaintiff*, v. Xiaoling Che. *Defendant*. | CASE NO. **Jury Demand** |

# COMPLAINT

This is an action brought under the Declaratory Judgment Act by Plaintiff Shenzhen Liqiu Sanhou Technology Co., Ltd., d/b/a, Sanhou-SH ("Plaintiff" or "Sanhou-SH"), against Defendant Xiaoling Che ("Defendant"), claiming for patent non-infringement of certain Puzzle Boards, as defined herein ("Puzzle Boards"), and invalidity against U.S. Patent No. 11,890,551 ("'551 Patent"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

## INTRODUCTION

1. Plaintiff received a Notice from Amazon.com, stating that Plaintiff's Puzzle Board were removed because of alleging infringement of the '551 Patent. Amazon also notified Plaintiff that it needs a court order stating that Plaintiff is allowed to sell the removed products to reactivate its listings. Defendant's objectively baseless infringement complaint to Amazon has caused and continues to cause significant harm to Plaintiff as the Puzzle Boards have been removed from Amazon and Plaintiff will lose all associated goodwill in the listings, not to mention lost sales. The alleged infringement to Amazon is wholly without merit as the Plaintiff'

Puzzle Boards do not meet each and every limitation of any claim under the '551 Patent. Furthermore, the '551 Patent is invalid under 35 U.S.C. §§ 102, 103 and/or 112.

## NATURE OF THE ACTION

2. This action seeks Declaratory Judgments of patent non-infringement under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the United States Patent Laws, 35 U.S.C. § 101 *et seq*. Defendant's actions have caused and continues to cause significant harm to Plaintiff as the Puzzle Boards have been removed from Amazon through the enforcement of the '551 Patent.

3. This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Defendant's '551 Patent is invalid under at least 35 U.S.C. §§ 102, 103 and/or 112.

## PARTIES

4. Plaintiff Shenzhen Liqiu Sanhou Technology Co., Ltd., is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business at No. 117, Guanlan Avenue, Xinhe Community, Fucheng Subdistrict, Longhua District, Shenzhen, China. Plaintiff does business in this District through on-line marketplace, Amazon, using the name, Sanhou-SH.

5. Upon information and belief, Defendant is an individual resides in China and the owner of the '551 Patent.

6. Upon information and belief, Defendant also sells the puzzles through Aamzon.com, using the brand name, TiCabol.

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

8. An actual case or controversy exists between the parties to this action. Defendant's actions have caused and continue to cause significant harm to Plaintiff as the Puzzle Boards have been removed from Amazon through the enforcement of the '551 Patent. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

9. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce Amazon store. Defendant is engaging in interstate commerce and has wrongfully accused Plaintiff of infringement in the United States, including Illinois. Defendant's act has caused and continues to cause significant harm to Plaintiff's business and also impacted Plaintiff's sales in this District. Further, this Court may properly exercise personal jurisdiction over Defendant because Defendant purposefully availed himself with this District by filing lawsuit against the other Amazon sellers in this Court.

10. Defendant has previously availed himself of this Court by filing a patent infringement lawsuit against other Amazon sellers in this District(24-cv-9573). By initiating legal action in this Court, Defendant has purposefully invoked the benefits and protections of this forum, thereby establishing sufficient minimum contacts with this District. Defendant's prior litigation conduct demonstrates a deliberate connection to this forum, further supporting the propriety of this Court exercising personal jurisdiction over Defendant in this action.

**THE PLAINTIFF' PUZZLE BOARDS**

11. On November 14, 2024, Plaintiff received a Notice from Amazon stating that certain ASINs, B0CQSZMJBS and B0C7QFLV8L were removed due to a patent infringement complaint for the '551 Patent filed by the Defendant. The Notice from Amazon sent to Plaintiff are attached hereto as **Exhibit A.**

12. In the Notice, Amazon informed Plaintiff that the rights owner name of the '551 Patent is TiCabol. The rights owner email is john.handy@rimonlaw.com. *See* **Exhibit A**.

13. The Amazon marketplace constitutes Plaintiff's primary sales channel into the United States. To remain competitive in the United States market for Puzzle Boards, Plaintiff needs its products listed in the Amazon marketplace. Amazon has removed Plaintiff' Puzzle Boards from the marketplace, preventing Plaintiff from accessing its largest channel of trade because of Defendant's infringement complaint. Thus, Defendant's submission of Amazon infringement complaint has caused and continues to cause immediate and irreparable harm to Plaintiff.

## U.S. PATENT NO. 11,478,551

14. The face of the '551 Patent lists Defendant as the applicant and inventor of patent. *See* Exhibit B.

15. The '551 Patent is entitled "Movable Puzzle Platform" and generally discloses "A movable puzzle platform includes a puzzle board and a board accessible unit. The puzzle board has a bottom for supporting on a playing surface, and a top surface for playing puzzle piece thereon. The board accessible unit is coupled at the bottom of the puzzle board for sliding on the playing surface, wherein the board accessible unit provides accessibility for the puzzle board to move the puzzle board at different planar directions with respect to the playing surface. Therefore, a player is able to move the puzzle board on the playing surface at a desired

orientation to assemble the puzzle pieces on the top surface of the puzzle board." Exhibit B, at Abstract.

16. The '551 Patent was issued on February 6, 2024. The '551 Patent has a sole independent claim and sixteen dependent claims, each claiming Movable Puzzle Platform.

## COUNT I
## (DECLARATORY JUDGMENT OF NON-INFRINGEMENT OF THE '551 PATENT)

17. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

18. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the non-infringement of the '551 Patent by the Puzzle Boards, as evidenced by Defendant' allegations of infringement on Amazon, as set forth above.

19. Plaintiff's Puzzle Boards do not infringe any of the presumably valid claims of the '551 Patent, as the Puzzle Boards fail to meet one or more elements of sole independent claim 1 of the '551 Patent.

20. For example, the Claim 1 of the '551 Patent claims "a board accessible unit comprising a first moving member **coupled with** said puzzle board, a second moving member, and a first bearing unit coupled between said first moving member and said second moving member, wherein said first moving member is rotatably mounted to said second moving member by said first bearing unit, enabling said puzzle board to be self-rotated on said playing surface." *See* **Exhibit B**, p. 11. However, Plaintiff's Puzzle Boards' turntable is not coupled to its Puzzle Boards body in any way, nor is there any need for such a coupling, as shown below.



21. Further, the Claim 1 of the '551 Patent claims "the second moving member having a flat base and a protrusion protruded from the center of the flat base toward the first moving member for **engaging with** the first bearing unit." *See* **Exhibit B**, p. 11. Plaintiff's Puzzle Boards also do not meet this limitation because its turntable's second moving member does not have a flat base; on the contrary, it has an uneven base, as shown below.



22. Moreover, the Claim 1 of the '551 Patent claims "wherein an outer circumferential surface of said first moving member is **engaged with** an inner circumferential surface of said second moving member **via** said first bearing unit to enable said second moving member being coaxially rotated with respect to said first moving member." *See* **Exhibit B,** p. 11. Plaintiff's Puzzle Boards also do not meet this limitation because its first moving member and

6

second moving member in Plaintiff's Puzzle Boards's turntable are engaged via a snap-fit structure. Specifically, the outer circumferential surface of the first moving member in Plaintiff's Puzzle Boards' turntable is engaged with multiple protruding and spaced snap-fit arms on the second moving member, thereby achieving engagement between the two moving members vertically. It is clearly visible that these snap-fit arms are located within the inner circumferential surface of the second moving member and are independent protruding parts. Therefore, the outer circumferential surface of the first moving member in Plaintiff's Puzzle Boards' turntable and the inner circumferential surface of the second moving member do not come into contact at all (there is a significant gap between them), let alone engage via bearing balls. Moreover, the bearing balls in Plaintiff's Puzzle Boards' turntable need to move freely relative to both the upper and lower moving members. Clearly, the upper and lower moving members in Plaintiff's Puzzle Boards' turntable cannot achieve engagement via the bearing balls.





23. Thus, among other things, Plaintiff' Puzzle Boards have entirely different structure and do not meet the limitation of the sole independent Claim 1 of the '551 Patent.

24. Likewise, since the sole independent claim 1 is not infringed, neither are dependent claims 2-6. *Wahpeton Canvas Co. v. Frontier, Inc*., 870 F.2d 1546, 1552 n.9, 1553 (Fed. Cir. 1989) (a dependent claim cannot be infringed if any claim from which it depends is not infringed).

25. Defendant's baseless infringement reports on the Amazon platform have caused imminent and real threat of an infringement lawsuit. Plaintiff has also suffered significant damages because its listings were removed by Amazon.

26. Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial determination and declaration that the Puzzle Boards do not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any presumably valid claim of the '551 Patent. Plaintiff is also entitled to recover damages caused by Defendant.

**COUNT II**

## (DECLARATORY JUDGMENT OF INVALIDITY OF THE '551 PATENT)

27. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

28. An actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the validity of the '551 Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above.

29. All the Claims of the '551 Patent are invalid under 35 U.S.C. § 102 and/or § 103 at least in light of the prior art cited herein.

30. U.S. Patent Publication No. 2010/0101461 is entitled "Worktable comprising a multidirectional coupling" to Jean Brault ("Brault"). Brault was filed on January 7, 2005, and was published on April 29, 2010. A copy of Brault is attached as **Exhibit C**.

31. U.S. Patent Publication No. 2009/0045311 is entitled "Multi-purpose, free-standing, portable, laptop computer or display object 360-degree swivel base assembly" to Reza Seyedin ("Seyedin"). Seyedin was filed on August 14, 2007, and was published on February 19, 2009. A copy of Seyedin is attached as **Exhibit D**.

32. U.S. Patent Publication No. 2021/0170268 is entitled "Jigsaw puzzle workboard with storage drawers" to Fereniki Malki ("Malki"). Malki was filed on February 7, 2020, and was published on June 10, 2021. A copy of Malki is attached as **Exhibit E**.

33. U.S. Patent Publication No. 2018/0256275 is entitled "Corner drawer for accessory cabinet" to DeJong ("DeJong"). DeJong was filed on March 7, 2018, and was published on September 13, 2018. A copy of DeJong is attached as **Exhibit F**.

34. U.S. Patent Publication No. 2020/0282307 is entitled "Electronic game board" to Hovey ("Hovey"). Hovey was filed on March 5, 2019, and was published on September 10, 2020. A copy of Hovey is attached as **Exhibit G**.

35. All the claims of the '551 Patent are rendered obvious by the prior arts listed above.

36. The Claim 1 of the '551 Patent is also invalid pursuant to 35 U.S.C. § 112. For example, the limitation "the second moving member having a flat base and a protrusion protruded from the center of the flat base toward the first moving member for engaging with the first bearing unit" lacks adequate written description support in the original application. There is no explicit or implicit disclosure describing the structure, positioning, or interaction of such a protrusion in relation to the first bearing unit. This absence of sufficient descriptive details violates the requirements set forth under 35 U.S.C. § 112(a), which mandates a clear and precise description that allows a person of ordinary skill in the art to recognize the inventor's possession of the claimed invention.

37. Further, the limitation concerning "a protrusion protruded from the center of the flat base toward the first moving member for engaging with the first bearing unit" is non-enabling because the application does not provide sufficient details for how this engagement occurs structurally or functionally. There is no guidance on the shape, dimensions, or configuration of the protrusion and how it effectively engages with the first bearing unit to achieve the intended purpose. As such, the disclosure fails to enable a person skilled in the art to make and use the claimed invention without undue experimentation, as required under 35 U.S.C. § 112(a).

38. Moreover, the phrase "for engaging with the first bearing unit" is unclear because it fails to define the relationship between the protrusion and the bearing unit. It is ambiguous whether the engagement involves a mechanical fit, physical contact, or a spatial arrangement. Without sufficient clarity, this claim term is indefinite under 35 U.S.C. § 112(b), as it does not distinctly claim the subject matter and leaves significant uncertainty about how the elements interact, making it impossible for a person skilled in the art to ascertain the scope of the invention.

39. Additionally, the limitation "wherein an outer circumferential surface of said first moving member is engaged with an inner circumferential surface of said second moving member via said first bearing unit to enable said second moving member being coaxially rotated with respect to said first moving member" is indefinite under 35 U.S.C. § 112(b). The engagement mechanism between the circumferential surfaces through the bearing unit lacks clarity. It is not specified whether the engagement is meant to be direct physical contact, an indirect fit, or a proximity relationship involving the bearing unit. This lack of precise explanation makes it unclear how the surfaces are engaged, thereby leaving uncertainty regarding the scope of the claim.

40. Defendant's baseless infringement reports on the Amazon platform have caused imminent and real threat of an infringement lawsuit. Plaintiff has also suffered significant damages because its listings were removed by Amazon.

41. Plaintiff seeks a declaratory judgment that the claims of the '551 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112, in light of the cited prior arts. Plaintiff is also entitled to recover damages caused by Defendant.

## **COUNT III**
**(Tortious Interference with Contractual Relations)**

42. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

43. The elements of a claim for tortious interference with contract are: (1) the existence of a valid contract between the plaintiff and a third party; (2) the defendant's knowledge of the contract; (3) the defendant's intentional procurement of the third-party's breach of the contract without justification; (4) the defendant's wrongful conduct caused the third party to breach of the contract; and (5) damages resulting therefrom.

44. Plaintiff has a valid and existing contract with Amazon in order to sell its products through Amazon.com

45. Plaintiff is informed and believes, and on that basis alleges, that Defendant knew of Plaintiff's contractual relationships with the Amazon.

46. Plaintiff is informed and believes, and on that basis alleges, that Defendant intentionally interfered with those contractual relationships and furthermore knowingly and intentionally, by ways of asserting materially false allegations of patent infringement against Plaintiffs in order to have Plaintiff's listing removed and eliminate Plaintiffs' lawful competition.

47. As a result of Defendant's improper acts, Plaintiff's listings were removed from Amazon.

48. Plaintiff has suffered direct, proximate and foreseeable damages and continues to suffer direct, proximate and foreseeable damages.

49. Defendant's efforts to have Plaintiff's products delisted through improper means was and is unlawful, fraudulent.

50. By reason of Defendant's acts, Plaintiff is entitled to equitable remedies and damages in an amount to be proven at trial.

# COUNT IV
## (Tortious Interference with Prospective Economic Advantage)

51. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

52. The elements of a claim for tortious interference with prospective economic advantage are: (1) the plaintiff had a reasonable expectation of entering into or continuing a valid business relationship with a third party; (2) the defendant knew of that expectation; (3) the defendants intentionally and without justification interfered with that expectation; (4) the defendant's interference prevented the plaintiff's legitimate expectancy from ripening into a valid business relationship and (5) the plaintiff suffered damages as a result of the interference.

53. Plaintiff's ongoing business relationship with Amazon included the selling of Puzzle Board now delisted as a result of Defendant's malicious and spurious infringement complaint.

54. Plaintiff's ongoing business relationship with Amazon includes the current sale of products which Defendant claims are infringing.

55. Defendant had and continues to have full knowledge of the ongoing relationships and prospective future business arrangements between Plaintiff and Amazon regarding Plaintiff's sale of Puzzle Board products.

56. Defendant intentionally and knowingly made fraudulent assertions of patent infringement, which ultimately caused Amazon to remove Plaintiff's listing, thus denying the future and ongoing business relationship between Plaintiffs with Amazon.

57. Defendant knew that the removal of Plaintiff's product listings would harm Plaintiff's business and would benefit Defendant due to it having less competition. Defendant

intended to harm Plaintiff by fraudulently convincing Amazon to remove Plaintiff's product listing.

58. Defendant has no privilege or justification in interfering with Plaintiff's relationship with Amazon.

59. As a result of Defendant's interference with Plaintiff's ongoing and future relationship with Amazon, Plaintiff has incurred damages and will continue to incur damages

60. The damages to Plaintiff should its product be delisted as a result of Defendant's malicious complaint against Plaintiff will result in the incurring removal fees, transport fees, and fees associated with transportation of the delisted products

61. The delisting of Plaintiff's ASIN would result in an immediate and ongoing detrimental impact on Plaintiff's ability to conduct business, remain profitable, and damage Plaintiff's product's rankings and reviews, loss of Plaintiff's goodwill and reputation on the Amazon marketplace. The damage to Plaintiff should its product continue to be delisted as a result of Defendant's frivolous action against Plaintiff is incalculable and irreparable.

62. By reason of the foregoing, Plaintiff has suffered direct, proximate and foreseeable damages in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

A. Declaring that Plaintiff' Puzzle Boards do not infringe any of the claims of the '551 Patent;

B. Declaring that the claims of the '551 Patent are invalid for failing to satisfy the criteria of 35 U.S.C. §§ 102, 103 and/or 112, in light of the cited prior arts;

C.  Preliminary and permanent injunctions ordering Defendant to withdraw all Amazon infringement complaints lodged against the Plaintiff' Puzzle Boards based on the '551 Patent, and to refrain from lodging any further infringement complaints regarding the same;

D.  A finding that this case is exceptional and an award to Plaintiff of their costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

E.  Awarding Plaintiff damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case;

F.  Awarding Plaintiff compensatory, general and special, consequential and incidental damages in an amount to be determined at trial;

G.  Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages;

H.  Awarding pre- and post- judgment interest; and

I.  Awarding Plaintiff such other and further relief as this Court deems is just and proper.

**JURY TRIAL DEMAND**

Plaintiff hereby demands a jury trial on all issues so triable.

Date: November 20, 2024

/s/ Ruoting Men
Ruoting Men, Esq
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
Ruoting.men@glacier.law

Tao Liu, Esq.
Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529

15

New York, NY 10010
Tao.liu@glacier.law
wei.wang@glacier.law
***Attorney for Plaintiff***