IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN LIQIU SANHOU TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> XIAOLING CHE, <br><br> Defendant. | Case No. 1:24-cv-11980 |

**DEFENDANT'S OPPOSITION TO PLAINTIFF'S EMERGENCY
<u>*EX PARTE*</u> MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER**

Defendant Xiaoling Che ("Defendant" or "Che") hereby opposes Plaintiff Shenzhen Liqiu Sanhou Technology Co., Ltd.'s ("Plaintiff" or "Playboda") Emergency *Ex Parte* Motion for Entry of a Temporary Restraining Order (Dkt. 6, hereinafter the "TRO Motion").

## I. INTRODUCTION

Plaintiff has moved the Court for a temporary restraining order over a "New Design" puzzle board that (i) is currently available for sale on Amazon.com at [https://www.amazon.com/dp/B0DH3D7PW1](https://www.amazon.com/dp/B0DH3D7PW1), (ii) has not been accused of infringement by Defendant, and (iii) to Defendant's knowledge, was never sold under ASINs B0CQSZMJBS or B0C7QFLV8L, which were delisted in response to Amazon Complaint ID 16652447091 for infringing U.S. Patent No. 11,890,551 (the "'551 patent"). Defendant only submitted Complaint ID 16652447091 for the "Old Design," which clearly infringes the '551 patent as supported by Defendant's own complaint. Because Plaintiff cannot show irreparable harm due to a "New Design" puzzle board that is currently available for sale, Plaintiff's TRO Motion necessarily fails.

## II. ARGUMENT

### A. Defendant Never Accused Plaintiff's "New Design" Puzzle Boards of Infringing the '551 Patent

On or about November 12, 2024, Defendant submitted '551 patent infringement notifications for ASINs B0CQSZMJBS and B0C7QFLV8L on Amazon's brand registry for Plaintiff's TiCabol brand. These ASINs were delisted from Amazon on or about November 14, 2024. (*See* Dkt. 6-1 (TRO Motion, Ex. A) (Amazon notice to Plaintiff that ASINs B0CQSZMJBS and B0C7QFLV8L were removed from Amazon.com in response to Complaint ID 16652447091.)

1

Prior to submitting Complaint ID 16652447091, Defendant investigated ASINs B0CQSZMJBS and B0C7QFLV8L, which only differ by puzzle board drawer color, by purchasing a sample directly from Amazon.com (the "Infringing Sample"). (Decl. of Xiaoling Che ("Che Decl."), ¶ 2.) The photos Plaintiff includes in the Amended Complaint and identifies as the "Old Design" (Dkt. 4, ¶¶ 21-23) are the same puzzle board components that the Infringing Sample has. (*See* Che Decl., ¶ 3.)

Defendant also purchased a sample of ASIN B0DH3D7PW1, which is currently available for purchase at https://www.amazon.com/dp/B0DH3D7PW1. (Che Decl., ¶ 4.) The photos Plaintiff includes in the Amended Complaint and identifies as the "New Design" (Dkt. 4, ¶¶ 29, 31-32, 34) are the same puzzle board components that ASIN B0DH3D7PW1 has. (Che Decl., ¶ 5.)

Defendant has never submitted an infringement complaint against ASIN B0DH3D7PW1 for infringing the '551 patent. (Che Decl., ¶ 6.) Defendant has never threatened to assert the '551 patent against ASIN B0DH3D7PW1 or any product of Plaintiff's that incorporates what Plaintiff identifies as the "New Design." (*Id*.)

      B.     <u>Defendant Cannot Demonstrate Irreparable Harm Because the "New Design" Puzzle Board Is Currently Available for Purchase on Amazon.com</u>

To demonstrate irreparable harm, "Plaintiffs must demonstrate more than a possibility of harm; they must prove that such harm is likely." *Troogstad v. City of Chicago*, 571 F. Supp. 3d 901, 919 (N.D. Ill. 2021), *aff'd sub nom*. *Lukaszczyk v. Cook Cnty.*, 47 F.4th 587 (7th Cir. 2022).

The TRO Motion ***only*** refers to the "New Design" puzzle board. *Compare* Dkt. 6 at 5-8 (showing photos of "Playboda" puzzle board) *with* Dkt. 4 ¶¶ 29, 31-32, 34 (showing same photos of "Playboda" puzzle board corresponding only to the "New Design"). As attested to by Che, the "New Design" that Plaintiff alleges is delisted and is causing irreparable harm is currently

available on Amazon.com at https://www.amazon.com/dp/B0DH3D7PW1. (Che Decl., ¶¶ 4-5.) Since this product is currently available for purchase, Plaintiff's TRO Motion necessary fails because irreparable harm to Plaintiff is not just unlikely, but essentially impossible. That Plaintiff filed its Amended Complaint to include the "New Design" immediately before filing its TRO Motion is telling: Plaintiff must recognize that it cannot demonstrate a likelihood of success in proving noninfringement of the "Old Design." Defendant agrees.

Moreover, Plaintiff must know that the "New Design" is currently available on Amazon.com, which raises serious questions about the veracity of certain statements in Xiaohe Huang's declaration. For example, Xiaohe Huang attests that "Plaintiff's previous daily sales were approximately $8,000 per day, but now the sales have dropped to $0." (Dkt. 6-4, ¶ 11.) It seems impossible for Plaintiff's daily sales to have dropped to $0 when the "New Design" puzzle board is available for purchase *now* on Amazon. (*See* Che Decl., ¶ 7 & Ex. A (printout of https://www.amazon.com/dp/B0DH3D7PW1).) Such easily disproven statements in support of alleged irreparable harm should not be accepted as true.

    C.    <u>Defendant Cannot Demonstrate a Likelihood of Success Because there is no Case or Controversy With the "New Design"</u>

Demonstrating a likelihood of success "requires the plaintiff to make a 'strong showing that she is likely to succeed on the merits' of her claim; a mere 'possibility of success is not enough' to warrant emergency relief." *Troogstad*, 571 F. Supp. 3d at 907, *aff'd sub nom. Lukaszczyk v. Cook Cnty.*, 47 F.4th 587 (7th Cir. 2022).

Plaintiff cannot demonstrate a likelihood of success on the merits because there is no substantial controversy involving the "New Design." "The basic question in each declaratory judgment action is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy

3

and reality to warrant the issuance of a declaratory judgment." *Apollo Petroleum Sols., LLC v. Nano Gas Techs., Inc.*, No. 20 C 2311, 2020 WL 8116187, at *2 (N.D. Ill. Dec. 8, 2020) (internal quotations omitted), *aff'd*, No. 2021-1538, 2021 WL 4824135 (Fed. Cir. Oct. 18, 2021). The sample product corresponding to ASINs B0CQSZMJBS and B0C7QFLV8L was the "Old Design" as described in the Amended Complaint. (*See* Che Decl., ¶¶ 2-3.) Plaintiff's "New Design" is currently available on Amazon.com at https://www.amazon.com/dp/B0DH3D7PW1, and Plaintiff has never accused that product of infringement. (*See id*., ¶¶ 4-5.) Moreover, Plaintiff has never threatened to assert the '551 patent against ASIN B0DH3D7PW1 or any product of Plaintiff's that incorporates what Plaintiff identifies as the "New Design." (Che Decl., ¶ 6.) Therefore, under these facts, the Court lacks jurisdiction over Count I in the Amended Complaint as it relates to the "New Design," and any purported likelihood of success on the merits of a claim that is subject to dismissal cannot warrant granting the temporary restraining order Plaintiff seeks.

### III. CONCLUSION

Plaintiff filed its Amended Complaint for the express purpose of filing a TRO based only on the "New Design." Because the "New Design" is currently available for purchase on Amazon.com and Defendant has never accused or threatened to accuse that product of infringement, Plaintiff's TRO Motion must be denied for failing to demonstrate, *inter alia*, irreparable harm or a likelihood of success on the merits.

Dated: November 26, 2024

Respectfully submitted,

By */s/ Mengmeng Luo*
Mengmeng Luo (admitted)
**RIMON P.C.**
4220 Duncan Ave., Suite 201

St. Louis, MO 63110
Telephone/Facsimile: (314) 897-5767
Mengmeng.luo@rimonlaw.com

John Handy (*pro hac vice* forthcoming)
**RIMON P.C.**
1765 Greensboro Station Tower I, Suite 900
McLean, VA 22102
(703) 559-7360
john.handy@rimonlaw.com

*Attorneys for Defendant Xiaoling Che*

5