UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Shenzhen Liqiu Sanhou Technology Co., Ltd<br><br>    Plaintiff,<br><br> v.<br><br>Xiaoling Che,<br><br>    Defendant. | CASE NO. 24-cv-11980<br><br>**Judge Andrea R. Wood**<br><br>**Magistrate Judge Heather K. McShain** |

**PLAINTIFF'S REPLY IN SUPPORT OF EMERGENCY *EX PARTE* MOTION FOR ENTRY OF A TEMPORARY RESTRAINING ORDER**

Plaintiff Shenzhen Liqiu Sanhou Technology Co., Ltd ("Plaintiff" or "Sanhou-SH" or "Playboda") submits this Reply in support a Temporary Restraining Order ("TRO") against Defendant Xiaoling Che ("Defendant" or "Che"). Plaintiff states as follows:

**I. Old Design v. New Design**

In Defendant's Opposition to Plaintiff's Motion for TRO, Defendant clearly agreed with Plaintiff's argument that the New Design does not infringe. In fact, Defendant explicitly stated in its response that "[New Design] has not been accused of infringement by Defendant." Def.'s Opp'n to Pl.'s Mot. for TRO, at 2. " [Plaintiff] Cannot Demonstrate a Likelihood of Success Because there is no Case or Controversy With the 'New Design'." *Id.* at 4. And Defendant herself declared that she "[has] never threatened to assert the '551 patent against... 'New Design'." Che Decl. at ¶6. Dkt. 8-1.

Defendant's opposition devotes significant effort to persuading the Court that the two

1

ASINs in question are selling the Old Design, which Defendant claims is infringing and thus justifies the Amazon complaint. However, Defendant's assertions are inaccurate.

First of all, Plaintiff has NEVER admitted to infringement of the '551 Patent, whether for the Old Design or the New Design. Plaintiff has consistently maintained that neither design infringes the patent. Plaintiff's complaint and the amended complaint both clearly state that Plaintiff is seeking a declaratory judgment of non-infringement for both the New Design and the Old Design. Plaintiff is fully prepared to litigate this case

Then, as to whether these two ASINs are selling the Old Design or the New Design, Defendant only provided a declaration claiming to have purchased from ASINs B0CQSZMJBS and B0C7QFLV8L before filing the complaint (16652447091). The the products Defendant purchased are "[identified] as the Old Design." Dkt. 8, at 3. However, **Defendant never disputed that Plaintiff is now selling the New Design under the two De-listed ASINs, B0CQSZMJBS and B0C7QFLV8L.("two de-listed ASINs")** Defendant's declaration plays a word game by failing to specify the timing of the purchase.

According to Plaintiff's declaration, the Old Design was replaced by the New Design in September 2024. Dkt. No. 6-4, at ¶6. Therefore, Plaintiff has reason to believe that Defendant's purchase occurred before October, certainly before November, and that Defendant waited until the November sales peak to file the complaint, which led to the delisting of Plaintiff's products. Plaintiff believes that is why the Defendant is being non-responsive when asked about this question. **Exhibit A**.

Also, Plaintiff uploaded the photo below on the pages of the two de-listed ASINs, which clearly show the New Design before they were taken down by Amazon. Defendant was fully aware of what Plaintiff was selling under those ASINs when Defendant filed its Amazon

complaint. Huang Decl. at ¶¶5-6; Exhibit 1 attached to Huang Decl.





**II. Likelihood of Success**

Defendant spends an entire section arguing that Plaintiff cannot demonstrate a likelihood of success because there is no "controversy" with the "New Design." Def.'s Opp'n to Pl.'s Mot. for TRO, at 4. This argument is a clear attempt to mislead the Court. Plaintiff's listings have been selling the New Design since October. The notice Plaintiff received from Amazon on

November 14, 2024 (filed on November 12, 2024 by Defendant), explicitly stated that Defendant alleged patent infringement of the '551 patent concerning Plaintiff's two ASINs. Had Defendant filed its infringement complaint in September, it could have been understood as pertaining to the Old Design. However, Defendant waited two months until November 12 to file the complaint, at which point Plaintiff's Amazon listings clearly showed the New Design. This delay is indicative of Defendant's malicious intent. Defendant's Amazon complaint is directed at the products Plaintiff is currently selling—the New Design. Therefore, Plaintiff has convincingly argued the likelihood of success regarding the New Design, namely, that there is no patent infringement of the New Design. And that is all that matters at this time.

**III. Irreparable Harm**

The reliance on ASIN B0DH3D7PW1 in Defendant's lack of irreparable harm argument is a clear example of gamesmanship. The first sale of this ASIN occurred on 11/12/2024. Huang Decl., at ¶7. The same day as the day Plaintiff filed its Amazon infringement complaint. It sells a 1,000-piece puzzle board, unlike the two de-listed ASINs, which sell a 1,500-piece puzzle board. *Id*.

Second, there were a total of 3 ASINs in Plaintiff's store before the takedown initiated by Defendant. Two were the delisted ASINs, and one ASIN was selling a CD shelf. These 3 ASINs contributed $3 million in annual sales, with the two delisted ASINs accounting for nearly 99% of that store sales volume. Huang Decl., at ¶8. Due to Defendant's Amazon complaint, the two ASINs, which generated 99% of the Amazon stores income, are now down. *Id*. Now the income for these two ASINs has dropped to $0. *Id*.

Third, it is impossible to move the products under the restrained ASINs to an unrestrained ASIN and continue selling. Amazon's system is very strict in managing inventory;

every product entering the warehouse is tied to a specific ASIN. If an ASIN is frozen, the seller cannot move inventory to another ASIN through the seller center. This Court has heard thousands of Schedule A cases, and it is clear that a TRO entered against an ASIN can effectively freeze both the ASIN and its corresponding inventory. Huang Decl., at ¶9.

From 11/14/2024 till today, Plaintiff has lost at least 96,000 sales, lost all its market share and missed the black Friday sales. The Defendant is an individual hiding in China and has no tangible assets in the United States. Plaintiff operates an Amazon store with annual sales of $3 million, but the Defendant has now destroyed Plaintiff's store. If Plaintiff ultimately wins, Plaintiff does not even know the Defendant's name (The Defendant's name is "Xiaoling Che" in Pinyin, and there are hundreds of possible Chinese character combinations that correspond to this Pinyin) or address, making it impossible to enforce any judgment.Huang Decl., at ¶ 10.

## IV. Conclusion

Plaintiff respectfully requests that this Court grant the TRO against Defendant, ordering Defendant to notify Amazon to withdraw Complaint ID 16652447091, assist in the reinstatement of the two delisted ASINs, and refrain from filing any new patent infringement complaints against Plaintiff's two delisted ASINs during the pendency of this litigation.

Date: November 27, 2024  /s/ Ruoting Men
Ruoting Men, Esq
Tao Liu, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
Ruoting.men@glacier.law

*Attorneys for Plaintiff*