IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHENZHEN LIQIU SANHOU TECHNOLOGY CO., LTD., <br><br> Plaintiff, <br><br> v. <br><br> XIAOLING CHE, <br><br> Defendant. | Case No. 1:24-cv-11980 |

**DEFENDANT'S MOTION TO DISMISS FOR**
**<u>LACK OF SUBJECT MATTER JURISDICTION</u>**

Defendant Xiaoling Che ("Defendant" or "Che") hereby moves to dismiss the Amended Complaint (Dkt. 4) in its entirety pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

## I. FACTUAL BACKGROUND

The Amended Complaint filed by Plaintiff Shenzhen Liqiu Sanhou Technology Co., Ltd. ("Plaintiff" or "Playboda") on Nov. 21, 2024, includes four causes of action: (i) declaratory judgment of noninfringement for U.S. Patent No. 11,890,551 (the "'551 patent"); (ii) declaratory judgment of invalidity of the '551 patent; (iii) tortious interference with contractual relations; and (iv) tortious interference with prospective economic advantage. (*See generally* Amended Complaint ¶¶ 17-73.) The declaratory judgment of noninfringement claim is premised on two separate designs for a rotatable puzzle board: an "Old Design" (*see id.* ¶¶ 20-23) and a "New Design" (*see id.* ¶¶ 26-34).

Four days after filing its Amended Complaint, Plaintiff filed an emergency *ex parte* motion for a temporary restraining order based only on the "New Design." (*See* Dkt. 6 ("TRO Motion") at 3-9 (arguing likelihood of success based only on the "New Design").) According to a declaration submitted by Xiaohe Huang, self-described manager of Plaintiff Shenzhen Liqiu Sanhou Technology Co., Ltd., "Plaintiff sold two versions of the product under the accused infringing ASINs. The sale of the old version ceased in September 2024, and ***currently, only the new version is being sold***." (Dkt. 6-4 ("Huang Decl.") ¶ 6 (emphasis added); *see also* Dkt. 11-2 ("Huang Reply Decl.") ¶ 5 ("As I stated in my previous declaration, the old design was discontinued in September 2024, and I have ***exclusively been selling the new design since October 2024***.") (emphasis added).) Therefore, by the time the Amended Complaint was filed, Plaintiff had already stopped selling the "Old Design."

1

On or about Nov. 12, 2024, Defendant submitted '551 patent infringement notifications for ASINs B0CQSZMJBS and B0C7QFLV8L on Amazon's brand registry for Plaintiff's TiCabol brand. These ASINs were delisted from Amazon.com on or about Nov. 14, 2024. (*See* Dkt. 6-1 (TRO Motion, Ex. A) (Amazon notice to Plaintiff that ASINs B0CQSZMJBS and B0C7QFLV8L were removed from Amazon.com in response to Complaint ID 16652447091).)

As attested to by Xiaoling Che, the Defendant and owner of the '551 patent, Defendant investigated ASINs B0CQSZMJBS and B0C7QFLV8L, which only differ by puzzle board drawer color, by purchasing a sample directly from Amazon.com (the "Infringing Sample") prior to submitting Complaint ID 16652447091. (Dkt. 8-1, Decl. of Xiaoling Che ("Che Decl."), ¶ 2.) Xiaoling Che further attested that the photos in the Amended Complaint that are characterized as the "Old Design" (Amended Complaint, Dkt. 4, ¶¶ 21-23) are the same puzzle board components that the Infringing Sample has. (Che Decl., ¶ 3.)

Defendant also purchased a sample of ASIN B0DH3D7PW1, which was still available for sale at least as of November 26. 2024 – the date of the Xiaoling Che's declaration – at https://www.amazon.com/dp/B0DH3D7PW1. (Che Decl., ¶ 4.) The photos in the Amended Complaint that are characterized as the "New Design" (Dkt. 4, ¶¶ 29, 31-32, 34) are the same puzzle board components that ASIN B0DH3D7PW1 has. (Che Decl., ¶ 5.) According to Xiaoling Che, "I have never submitted an infringement Complaint on Amazon (or elsewhere) identifying ASIN B0DH3D7PW1 or any product of Plaintiff's that incorporates what Plaintiff identifies as the 'New Design.'" (Che Decl., ¶ 6.)

Because Defendant never submitted an infringement complaint on Amazon to accuse the "New Design" of infringement, Defendant did not contest the Court's entry of an order directing Amazon to reinstate ASINs B0CQSZMJBS and B0C7QFLV8L and further ordering that

2

"Plaintiff shall be permitted to sell only the 'New Design' puzzle board product, as referenced in the Amended Complaint (ECF No. 4, ¶¶ 26-37), until further order of this Court." (*See* Dkt. 12, "Order" (Nov. 27, 2024).) Defendant also agreed during a Dec. 11, 2024, status hearing that the Order "shall remain in place during the pendency of this litigation unless and until otherwise ordered by the Court." (*See* Dkt. 15.)

## II. LEGAL STANDARDS

Pursuant to the Declaratory Judgment Act, "[i]n a case of **actual controversy** within [the court's] jurisdiction," this Court "may declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201(a) (emphasis added). "[T]he phrase 'case of actual controversy' in the Act refers to the type of 'Cases' and 'Controversies' that are justiciable under Article III." *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

An action for declaratory judgment is justiciable if "the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *MedImmune*, 549 U.S. at 127 (quoting *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941)). "The plaintiff bears the burden of demonstrating that a 'substantial controversy' exists." *Apollo Petroleum Sols., LLC v. Nano Gas Techs., Inc.*, No. 20 C 2311, 2020 WL 8116187, at *2 (N.D. Ill. Dec. 8, 2020), *aff'd*, No. 2021-1538, 2021 WL 4824135 (Fed. Cir. Oct. 18, 2021).

In the context of complaints for declaratory judgment of noninfringement and invalidity, the Federal Circuit (which would have jurisdiction over appeals in this patent case) has explained:

3

> Article III jurisdiction may be met where **the patentee takes a position that puts the declaratory judgment plaintiff in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do**. We need not define the outer boundaries of declaratory judgment jurisdiction, which will depend on the application of the principles of declaratory judgment jurisdiction to the facts and circumstances of each case. We hold only that where a patentee asserts rights under a patent based on certain identified **ongoing or planned activity** of another party, and where that party contends that it has the right to engage in the accused activity without license, an Article III case or controversy will arise and the party need not risk a suit for infringement by engaging in the identified activity before seeking a declaration of its legal rights.

*SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007) (emphasis added). In other words, "the alleged injury at the root of most justiciable declaratory judgment controversies in the patent context is a restraint on the free exploitation of non-infringing goods, or an imminent threat of such restraint." *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1339 (Fed. Cir. 2008) (internal quotations omitted).

"In evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or facial challenge has been raised." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015). "[A] facial challenge argues that the plaintiff has not sufficiently *alleged* a basis of subject matter jurisdiction." *Id*. (emphasis in original and internal quotations omitted). "In reviewing a facial challenge, the court must accept all well-pleaded factual allegations as true and draw all reasonable inferences in favor of the plaintiff." *Id*.

In contrast, "[a] factual challenge contends that there is *in fact* no subject matter jurisdiction, even if the pleadings are formally sufficient." *Id*. (emphasis in original and internal quotations omitted). "In reviewing a factual challenge, the court may look beyond the pleadings and view any evidence submitted to determine if subject matter jurisdiction exists." *Id*. "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of

4

jurisdictional claims." *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)).

### III. ARGUMENT

#### A. There Is No Actual Controversy Over Infringement of the "New Design"

As the facts reasonably show, Defendant purchased an "Infringing Sample" when Plaintiff still had "Old Design" inventory available for sale at ASINs B0CQSZMJBS and B0C7QFLV8L. (*See* Che Decl., ¶¶ 2-3 (declaring that the Infringing Sample was the "Old Design").) By the time Defendant filed its infringement notifications on or about November 12, 2024, Plaintiff had only recently started "exclusively … selling the new design since October 2024" at the same ASINs. (*See* Huang Reply Decl., ¶ 5.) Defendant never accused the "New Design" of infringement (*See* Che Decl., ¶¶ 5-6), and that Defendant agreed to the Court's Order directing Amazon to reinstate ASINs B0CQSZMJBS and B0C7QFLV8L during the pendency of this litigation is consistent with Ms. Che's sworn statements.

Under these facts, there is no substantial controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. *See* MedImmune, 549 U.S. at 127. That Plaintiff switched inventory between the time that Defendant investigated the Infringing Sample to when the '551 patent infringement notification was submitted for the "Old Design" does not confer jurisdiction on this Court. Rather, a declaratory judgment regarding infringement of the "New Design," which Defendant has not and does not accuse of infringement, would be an impermissible advisory opinion under Article III. *See, e.g.*, *Prasco*, 537 F.3d at 1340 ("The lack of any evidence that the defendants believe or plan to assert that the plaintiff's product infringes their patents creates a high barrier to proving that [plaintiff] faces an imminent risk of injury.").

5

B.     There Is No Supplemental Jurisdiction Over the State Law Tort Claims

Although the Amended Complaint does not specify how the Court allegedly has jurisdiction over the state law tort claims, Defendant presumes it is based on supplemental jurisdiction under 28 U.S.C. § 1367(a) because diversity jurisdiction is unavailable for two foreign parties.[1]

"By its plain terms, § 1367(a) 'makes clear that supplemental jurisdiction may only be invoked when the district court has a hook of original jurisdiction on which to hang it.'" *Rivera v. Allstate Ins. Co.*, 913 F.3d 603, 617 (7th Cir. 2018) (quoting *Herman Fam. Revocable Tr. v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001)); *see also* 28 U.S.C. § 1367(a) ("[I]n any civil action ***of which the district courts have original jurisdiction***, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.") (emphasis added). Therefore, if the Court lacks subject matter jurisdiction to hear the related federal claim, all supplemental claims must be dismissed:

> [I]f the federal claim [is] dismissed for lack of subject matter jurisdiction, a district court ***has no discretion to retain the supplemental claims for adjudication***. The dismissal means that there never was a valid claim within the court's original jurisdiction to which the state claims may be supplemental. Therefore, the district court has no discretion to exceed the scope of its Article III power and must dismiss the state law claims without prejudice.

*Rivera*, 913 F.3d at 618 (emphasis added) (quoting 16 James Wm. Moore, MOORE'S FEDERAL PRACTICE § 106.66[1] (Daniel R. Coquillette et al. eds., 3d ed. 2018)).

---

[1] Plaintiff is a China limited liability company (*see* Amended Complaint ¶ 4) and Defendant is a China resident. Therefore, there can be no diversity jurisdiction over the state law tort claims. *See, e.g.*, *Universal Licensing Corp. v. Paola del Lungo S.p.A.*, 293 F.3d 579, 581 (2d Cir. 2002) ("[D]iversity is lacking within the meaning of these sections where the only parties are foreign entities[.]").

Plaintiff's tortious interference with contractual relations charge alleges that Defendant "by ways of asserting materially false allegations of patent infringement against Plaintiffs in order to have Plaintiff's listing removed" interfered with Plaintiff's "valid and existing contract with Amazon in order to sell its products through Amazon.com." (*See* Amended Complaint ¶¶ 55, 57.) Similarly, Plaintiff's tortious interference with prospective economic advantage claim alleges that Defendant "made fraudulent assertions of patent infringement which ultimately caused Amazon to remove Plaintiff's listing, thus denying the future and ongoing business relationship between Plaintiffs with Amazon." (*See id.* ¶ 67.)

It is now well settled that only "New Design" products were delisted from Amazon.com. And because Plaintiff's related federal claim seeking declaratory judgment of noninfringement of the "New Design" should be dismissed for the reasons explained *supra* at Section III(A), the Court is obligated to dismiss these state law tort claims since there is no longer "a hook of original jurisdiction on which to hang [them]." *See Rivera*, 913 F.3d at 617 (cited *supra*).

C. <u>There Is No Actual Controversy Over Infringement of the "Old Design"</u>

According to Plaintiff, it has "***exclusively***  been selling the new design since October 2024." (Huang Reply Decl., ¶ 5 (emphasis added).) Therefore, the "Old Design" was unavailable for sale when Defendant submitted '551 patent infringement notifications for ASINs B0CQSZMJBS and B0C7QFLV8L on or about Nov. 12, 2024.

Moreover, the only intended and possible effect of such infringement notifications was to convince Amazon to remove the "Old Design" puzzle board listings from Amazon.com. (*See* Dkt. 4-1 (Amazon notice that ASINs were delisted in response to infringement notification).) Because Plaintiff is "exclusively" selling puzzle boards incorporating the "New Design," Defendant's requested delisting of "Old Design" puzzle boards had already occurred prior to this lawsuit, and hence, there can be no substantial controversy of sufficient immediacy and reality to

warrant issuance of a declaratory judgment regarding infringement of the "Old Design." As explained by the Federal Circuit, "Article III jurisdiction may be met where the patentee takes a position that puts the declaratory judgment plaintiff in the position of ***either pursuing arguably illegal behavior or abandoning that which he claims a right to do***." *SanDisk*, 480 F.3d at 1381 (emphasis added); *see also Organic Seed Growers & Trade Ass'n v. Monsanto Co.*, 718 F.3d 1350, 1359 (Fed. Cir. 2013) ("We have held that a declaratory judgment plaintiff must allege significant, concrete steps ***to conduct*** infringing activity.") (emphasis added and quotations omitted). Plaintiff has represented to this Court that it is no longer pursuing the "Old Design" since it is "exclusively" selling the "New Design," which by Plaintiff's characterization, "demonstrates clearer non-infringement compared to the old design." (*See* Amended Complaint ¶ 27.) Because Defendant voluntarily discontinued the "Old Design" ***before*** any '551 patent infringement notifications were submitted, this cause of action must also be dismissed since Plaintiff is not being put "in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do."

D. Without Jurisdiction Over the Declaratory Judgment of Noninfringement Claims, the Declaratory Judgment of Invalidity Claim Must Also Be Dismissed

According to Plaintiff, "[a]n actual, continuing and justiciable controversy exists between Plaintiff and Defendant concerning the validity of the '551 Patent, as evidenced by Defendant's allegations of infringement on Amazon, as set forth above." (Amended Complaint, ¶ 39.) Since the underlying facts allegedly supporting jurisdiction over declaratory judgment of invalidity are the same as those for declaratory judgment of noninfringement, and the declaratory judgment of noninfringement allegations must be dismissed for lack of subject matter jurisdiction as explained *supra* at Sections III(A) and (C), the declaratory judgment of invalidity count must be dismissed as well. *See, e.g.*, *Association for Molecular Pathology v. U.S. Pat. & Trademark Off.*,

689 F.3d 1303, 1318 (Fed. Cir. 2012) (explaining that standards for determining whether an actual case or controversy exists under Federal Circuit law are the same for declaratory judgment of noninfringement and declaratory judgment of invalidity actions).

## IV.     CONCLUSION

Considering the additional facts submitted to the Court in relation to the TRO Motion, there is no actual controversy over infringement of either the "New Design" or the "Old Design." Defendant did not accuse the "New Design" of infringement, and the "Old Design" was voluntarily discontinued in favor of the "New Design" before the Amended Complaint was filed or any '551 patent infringement notifications were submitted.  As such, all of the federal claims for declaratory judgment of noninfringement and invalidity should be dismissed, which necessarily divests the Court of supplemental jurisdiction over the state law tort claims.

Dated:  March 10, 2025                     Respectfully submitted,

By */s/ John Handy*
John Handy (admitted *pro hac vice*)
**RIMON P.C.**
1765 Greensboro Station Tower I, Suite 900
McLean, VA 22102
(703) 559-7360
john.handy@rimonlaw.com

Mengmeng Luo (admitted)
**RIMON P.C.**
4220 Duncan Ave., Suite 201
St. Louis, MO 63110
Telephone/Facsimile: (314) 897-5767
Mengmeng.luo@rimonlaw.com

9